**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LUQMAN ADESOLA ADEJUMOBI,**
          **Plaintiff,**

-vs-                                                          Case No. 6:07-cv-1237-Orl-31UAM

**NATIONAL SECURITY AGENCY,**
          **Defendant.**
_____

## ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. 9). Plaintiff has failed to file a timely response in accordance with this Court's Milburn Order (Doc. 11).[1]

**I. Background**[2]

Plaintiff Luqman Adejumobi brings this action under the Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA") and the Privacy Act, 5 U.S.C. § 5520 (the "PA"). On February 28, 2007, Plaintiff filed two requests with the National Security Agency (the "Agency" or the "NSA") seeking certain records from the Agency. (Doc. 9-2 at 14, 16). Within one request, Plaintiff sought all records that the NSA maintained on him. (Doc. 9-2 at 14).. Within the second request, Plaintiff

---

[1] Plaintiff did, however, file a Motion to Compel (Doc. 12), which requests essentially the same relief as the Complaint. Because Plaintiff is Pro Se, this Court has considered the arguments presented in the Motion to Compel, when appropriate, in ruling on Defendant's Motion for Summary Judgment.

[2] The following statement of material facts is taken substantially from Defendant's Motion for Summary Judgment. (Doc. 9 at 2-3).

sought records concerning his alleged inclusion on a "National security agency[] Terror suspect list." (Doc. 9-2 at 16).

In response to Plaintiff's requests, the NSA consolidated the requests and undertook a search for those records that contained responsive information. (Doc. 9-2 at 5)[3]. The NSA processed Plaintiff's requests under both the PA and the FOIA. *Id*. Plaintiff's requests were processed under the PA, because Plaintiff had requested all records the Agency maintained on him. *Id*. Plaintiff's requests were also processed under the FOIA, because Plaintiff had requested intelligence information. *Id*.

By letter dated March 9, 2007, the NSA responded to Plaintiff's requests. (Doc. 9-2 at 19-20). The NSA informed Plaintiff that it had searched all of its databases containing information on current or former NSA affiliates (e.g., employees, applicants, military members, contractors, and visitors), but found no responsive records. *Id*. The NSA also informed Plaintiff that due to the fact he requested all records NSA maintained on him, including his alleged inclusion on a "Terror suspect list," the NSA considered his request to include records on the surveillance, targeting and/or domestic collection of him by the NSA. *Id*. Consequently, the NSA also informed Plaintiff that it could neither confirm nor deny whether the Agency possessed any surveillance records of him pursuant to the first and third exemptions of FOIA. *Id*.

Regarding the NSA's refusal to confirm or deny whether it possessed any surveillance records of Plaintiff, the NSA informed Plaintiff that the existence or non-existence of such records was properly and currently classified in accordance with Executive Order 12958, as amended

---

[3]Defendant has submitted a Declaration signed by the current Deputy Associate Director for Policy and Records for the NSA, Rhea D. Siers, which is filed at Doc. 9-2, pp. 1-12.

March 25, 2003, and was thus exempt from disclosure based on the first exemption of the FOIA, 5 U.S.C. § 552(b)(1). (Doc. 9-2 at 19-20). The NSA alleges that any substantive response by it to Plaintiff's request would tend to confirm or deny specific activities and would undermine the very exemption the NSA had invoked. (Doc. 9-2 at 5-6).

Additionally, the NSA informed Plaintiff that three Federal statutes preclude the release of information confirming or denying that a particular individual has been or is a target of surveillance. (Doc. 9-2 at 5). Plaintiff timely appealed this decision to the NSA's Deputy Director, who is the Agency's FOIA and PA Appeals Authority. (Doc. 9-2 at 22-23). In filing his appeal, Plaintiff was represented by counsel, and stated that the specific information he was seeking was "related to a Supreme Court case that may have referenced him that was decided in May 2006 or possibly in the summer of 2006." (Doc. 9-2 at 22). Plaintiff further argued that 18 U.S.C. § 798; 50 U.S.C. § 403-1(I) and Executive Order 12958 did not apply to his requests. (Doc. 9-2 at 23).

The NSA's Deputy Director reviewed Plaintiff's initial request, the Director of Policy's decision, and Plaintiff's appeal, and, based on this review, denied Plaintiff's appeal and upheld the Director of Policy's decision in a letter dated May 23, 2007. (Doc. 9-2 at 25-26). The NSA Deputy Director's decision informed Plaintiff of his right to seek judicial review. *Id*.

**II. Standard of Review**

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. .*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929

F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id*. at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

"Courts must construe the facts and draw all inferences in the light most favorable to the nonmoving party . . . [e]ven though the facts accepted at the summary judgment stage of the proceedings may not be the actual facts of the case." *Davis v. Williams,* 451 F.3d 759, 763 (11th Cir. 2006) (internal citations and quotations omitted). The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59. If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Herzog v. Castle Rock Entertainment,* 193 F.3d 1241, 1246 (11th Cir. 1999).

> The district court reviews *de novo* the [NSA's] determination that it has fulfilled its obligations under FOIA. 5 U.S.C. § 552(a)(4)(B); *Steinberg v. United States Dep't of Justice*, 306 U.S. App. D.C. 240, 23 F.3d 548, 551 (D.C. Cir. 1994); *Hayden v. Nat'l Security Agency*, 197 U.S. App. D.C. 224, 608 F.2d 1381, 1384 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937, 64 L. Ed. 2d 790, 100 S. Ct. 2156 (1980). The burden is on the agency to demonstrate that it has acted properly in withholding information. *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 150-51, 106 L. Ed. 2d 112, 109 S. Ct. 2841; *Hayden*, 608 F.2d at 1384. Exemptions must be narrowly interpreted to give effect to the strong Congressional intent of favoring disclosure. *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151-52, 107 L. Ed. 2d 462, 110 S. Ct. 471 (1989); H.R. Rep. No. 1497, 89th Cong., 2d Sess., 6 (1966), U.S. Code Cong. & Admin. News 1966, pp. 2418, 2423 (noting the need "to reach a workable balance between the right of the public to know and the need of the Government to keep information in confidence to the extent necessary without permitting indiscriminate secrecy"). However, in a case concerning questions of national security, such as this one, the D.C. Circuit has instructed district courts to give "substantial weight to an agency's affidavit concerning the details of the classified status of the disputed record." *Salisbury v. United States*, 223 U.S. App. D.C. 243, 690 F.2d 966, 970 (D.C. Cir. 1982); *see also Taylor v. Dep't of the Army*, 221 U.S. App. D.C. 325, 684 F.2d 99, 109 (D.C. Cir. 1982) (requiring "utmost deference" to affidavits by military intelligence officers).

*Fla. Immigrant Advocacy Ctr. v. Nat'l Security Agency*, 380 F. Supp. 2d 1332, 1337 (S.D. Fla. 2005)(hereinafter "*Fla. Immigration*").

### III. Legal Analysis

None of the material facts in this case are in dispute. However, Plaintiff argues that the NSA has misconstrued his request. He states that he was not requesting NSA records, but was instead requesting Court records regarding a Supreme Court case in which he was referenced. Plaintiff does not specify the name of this case, but simply states that it was decided in May of 2006.

It appears that Plaintiff may have simply directed his request to the wrong entity. If Plaintiff is interested in Court records, he should request them from the Court, not the NSA.

Therefore, after reviewing the record, and the law on this matter, this Court finds that Plaintiff cannot succeed on the merits of his claim. Plaintiff fails to present any evidence or argument to demonstrate that the NSA wrongfully denied his request for Agency records regarding his alleged inclusion on a "Terror Suspect List". (Doc. 9-2 at 22).

**IV. Conclusion**

Accordingly, it is

**ORDERED** that the Defendant's Motion for Summary Judgment (Doc. 9) is **GRANTED** and all other pending motions are **DENIED** as moot. Judgment shall be entered in favor of the Defendant and the Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 3, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party